UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Craig L. Harris,<br><br>    Plaintiff,<br><br>    v.<br><br>Office of the Chief Judge of the Circuit Court of Cook County, *et al.*,<br><br>    Defendants. | Case No. 14 C 6676<br><br>Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

    This is a race, gender and age discrimination case brought under Title VII, the Age Discrimination in Employment Act ("ADEA") and the Illinois Human Rights Act. Plaintiff Craig Harris (an African-American male over the age of 40) is a Youth Development Counselor at the Cook County Juvenile Temporary Detention Center. Plaintiff and his fellow Youth Development Counselor Laura Terpstra (a Caucasian female younger than 40 years of age) were both suspended for failing to complete the 15-minute logs of resident checks during the night shift on July 6 and 7, 2012. Plaintiff received a 25-day suspension, whereas Terpstra received just a one-day suspension for the same conduct. Because each employee's respective disciplinary records explain their differing punishments, and because Plaintiff has not propounded any other evidence to create a triable issue of material fact, Defendants' summary judgment motions [26] [31] are granted.

I. **Legal Standard**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party, here, Plaintiff. *See CTL ex rel. Trebatoski v. Ashland School District*, 743 F.3d 524, 528 (7th Cir. 2014).

II. **Facts**[1]

Plaintiff Craig Harris is a 60-year-old African-American male and has been a Youth Development Counselor at the Cook County Juvenile Temporary Detention Center ("Juvenile Temporary Detention Center") since May 2006. DSOF ¶¶ 2-3. As a Youth Development Counselor, Plaintiff, among other duties, conducted resident checks at 15-minute intervals and maintained logs of these checks. DSOF ¶ 17; PSOAF ¶ 42. At various times, one or more of the Defendants—the Office of the

---

[1] The facts are taken from the parties' Local Rule 56.1 statements and the exhibits thereto. "DSOF" refers to Defendants' statement of facts [27], with Plaintiff's responses [37]. "PSOAF" refers to Plaintiff's statement of additional facts [37], with Defendants' responses [42]. "Supplemental SOF" refers to the parties' "Agreed Supplemental Statement of Facts" [48].

2

Chief Judge of the Circuit Court of Cook County ("Office of the Chief Judge"), Earl Dunlap and the Office of the Transitional Administrator ("OTA")—oversaw the Juvenile Temporary Detention Center. DSOF ¶¶ 4-6; PSOAF ¶¶ 36, 48.

On July 6 and 7, 2012, Plaintiff and his fellow Youth Development Counselor Laura Terpstra (a Caucasian female younger than 40 years of age) worked the night shift, which runs from 10:00 p.m. to 6:00 a.m. DSOF ¶¶ 18-20; PSOAF ¶¶ 44, 52. During that shift, Plaintiff and Terpstra divided up responsibilities, with Terpstra, at one point, agreeing to complete the 15-minute logs until the end of the shift. DSOF ¶¶ 21, 23; PSOAF ¶¶ 44-45. The next day, on July 8, 2012, Plaintiff's supervisor, Gina Shelton, discovered that the 15-minute logs were incomplete; they were missing time entries for two residents. DSOF ¶ 22.

On August 16, 2012, the Juvenile Temporary Detention Center held a pre-disciplinary hearing with then-Deputy Transitional Administrator Bruce Berger serving as the hearing officer. DSOF ¶ 13; Berger Decl. [48-1] ¶¶ 1, 4. Although Terpstra took full responsibility for the incomplete 15-minute logs, Berger found, among other things, that Plaintiff had been negligent in the performance of his duties too. DSOF ¶¶ 13, 24; Berger Decl. [48-1] ¶ 7. According to Defendants, Plaintiff was not allowed to delegate his duty to complete the 15-minute logs absent permission from a supervisor. DSOF ¶¶ 25-29 (citing the Declaration of William Steward, the Deputy Executive Director for Residential Life at the Juvenile Temporary Detention Center).

Based upon his review of each employee's disciplinary history and in accordance with the Juvenile Temporary Detention Center's policy that employees receive progressive discipline for rule violations, Berger recommended a 25-day suspension for Plaintiff and a 1-day suspension for Terpstra. Supplemental SOF ¶¶ 55-57; Berger Decl. [48-1] ¶¶ 5-8. Berger noted that Plaintiff already had been disciplined five times before. Berger Decl. [48-1] ¶ 5 (recounting the five disciplinary incidents); *see also* DSOF ¶¶ 7 (6/18/09 discipline), 8 (4/18/10 discipline), 9-10 (4/21/10 discipline), 11-12 (5/18/11 discipline for two infractions). For his most recent infraction, Plaintiff received a 20-day suspension. Supplemental SOF ¶ 57. Berger also noted that Terpstra had no prior violations of Juvenile Temporary Detention Center policies based upon his review of her record. Supplemental SOF ¶ 56; Berger Decl. [48-1] ¶ 6.

Consistent with Berger's recommendations, on September 6, 2012, Plaintiff received a 25-day suspension—to run from September 11 to October 15, 2012—without pay. DSOF ¶¶ 14, 30. Terpstra also was suspended for the events of July 6 and 7, 2012, but just for one day. DSOF ¶ 30; PSOAF ¶ 52.

## III. Analysis

In Counts I and II of the Complaint, Plaintiff alleges in connection with his 25-day suspension that Defendants discriminated against him based upon his race, gender and age in violation of Title VII, the ADEA and the Illinois Human Rights Act. DSOF ¶ 1. To prove these claims, Plaintiff can proceed under the direct and indirect methods. In response to Defendants' summary judgment motions, Plaintiff

4

has presented no direct evidence of discrimination, electing instead to proceed under the indirect method only. As the parties agree, for all three statutes, the *McDonnell Douglass* burden shifting framework governs when proceeding under the indirect method.² *See Collins v. American Red Cross*, 715 F.3d 994, 999 (7th Cir. 2013) (Title VII); *Fleishman v. Continental Casualty Co.*, 698 F.3d 598, 604 (7th Cir. 2012) (ADEA); *Zaderaka v. Illinois Human Rights Commission*, 545 N.E.2d 684, 687-88 (Ill. 1989) (Illinois Human Rights Act).

Under the indirect method, the initial burden is on Plaintiff to provide evidence that: (1) he is a member of a protected class; (2) he was meeting his employer's legitimate expectations at the time of the alleged adverse action; (3) he suffered an adverse employment action; and (4) Defendants treated similarly situated employees not in the protected class more favorably. *Amrhein v. Health Care Service Corp.*, 546 F.3d 854, 859 (7th Cir. 2008); *Scaife v. Cook County*, 446 F.3d 735, 739 (7th Cir. 2009), *overruled on other grounds*, *Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013).

Once Plaintiff has established his *prima facie* case, the burden shifts to Defendants to provide a legitimate, non-discriminatory reason for the adverse employment action. *Amrhein*, 546 F.3d at 859; *Scaife*, 446 F.3d at 739. If Defendants meet this burden, the burden shifts back to Plaintiff to demonstrate that the proffered reason is pretextual. *Amrhein*, 546 F.3d at 859-60; *Scaife*, 446

---

² Plaintiff argues that Defendants waived any response to his Illinois Human Rights Act claim, but this Court disagrees. Because all three statutes at issue here adopt the *McDonnell Douglass* burden shifting framework, Defendants properly grouped their analysis of Plaintiff's Title VII and ADEA claims with Plaintiff's Illinois Human Rights Act claim. *See* [26] at 4 n.3.

F.3d at 739-40. Here, as discussed in Subsections A and B below, the records shows that Plaintiff has not met the fourth element of his *prima facie* case, and Defendants have offered a legitimate, non-pretextual reason for disciplining Plaintiff.

### A. Element 4: Similarly Situated Employees

Under the fourth element of his *prima facie* case, Plaintiff must provide evidence that Defendants treated similarly situated employees, not in the relevant protected class, more favorably. *Amrhein*, 546 F.3d at 859; *Scaife*, 446 F.3d at 739. A similarly situated employee need not be identical, but must be comparable to Plaintiff in all "material respects." *Eaton v. Indiana Department of Corrections*, 657 F.3d 551, 559 (7th Cir. 2011). Plaintiff normally must show that the comparator: (1) dealt with the same supervisor, (2) was subject to the same standards; and (3) had engaged in similar conduct without differentiating or mitigating circumstances that distinguish his conduct or the employer's treatment of him. *Amrhein*, 546 F.3d at 860. One such differentiating or mitigating circumstance may be the comparator's disciplinary history. *See id.*

In *Amrhein*, 546 F.3d at 858, 860, a Title VII gender discrimination case, the Seventh Circuit affirmed the district court's grant of summary judgment for the defendant employer, finding that the terminated female employee (Kitsy Amrhein) failed to identify any similarly situated employees who had not been terminated. As here, Amrhein's three purported comparators, at least one of whom was male, all differed from her in the same "material" way—their disciplinary history. *Id.* at 860.

6

Unlike Amrhein, who was terminated after her second infraction of the employer's Code of Conduct and Business Ethics Code, the three comparators had no disciplinary history or just a single infraction, thereby explaining their lesser punishments for similar conduct. *Id.* at 856-58, 860. Likewise, in an ADEA case, the Seventh Circuit found that the employee was substantially dissimilar to his three comparators based on his worse job performance record. *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 618-19 (7th Cir. 2000).

As in *Amrhein* and *Radue*, the comparator here is not similarly situated to Plaintiff in all material respects, despite being punished for the same conduct. Terpstra, unlike Plaintiff, had no disciplinary record before July 6, 2012, so her lesser punishment was warranted under Defendants' step discipline policy. Supplemental SOF ¶¶ 55-57; Berger Decl. [48-1] ¶ 8. By comparison, Plaintiff had been disciplined five times by July 6, 2012, including having been disciplined once for not conducting resident checks every 15 minutes, and suspended twice. DSOF ¶¶ 7 (6/18/09 discipline), 8 (4/18/10 discipline), 9-10 (4/21/10 discipline resulting in seven-day suspension), 11-12 (two 5/18/11 disciplinary incidents resulting in 20-day suspension); *see also* Berger Decl. [48-1] ¶ 5. Terpstra thus is not similarly situated to Plaintiff.

Beyond Terpstra as a purported comparator, Plaintiff testified in his deposition that, sometime after 2012, an employee younger than 40 years of age received a lesser punishment for similar misconduct: not conducting resident checks every 15 minutes. PSOAF ¶ 53 (citing Harris Dep. at 33). Plaintiff, however, failed

7

to remember or cite any other details about this unidentified employee. Harris Dep. at 33-34. Plaintiff also testified that, according to his union representative, Defendants did not "write up" other employees when a co-worker took responsibility for a task not being completed. PSOAF ¶ 53 (citing Harris Dep. at 82). Once again, however, Plaintiff did not know the names of these unidentified people, let alone provide any other specifics. *See* Harris Dep. at 81-82.

Setting aside potential hearsay obstacles, the law requires more evidentiary detail for Plaintiff to survive summary judgment. Indeed, the Seventh Circuit has affirmed summary judgment under more compelling circumstances than here. For example, in *Scaife*, 446 F.3d at 740-41, a Title VII race discrimination case, the plaintiff (Samuel Scaife)—an African-American investigator for the Cook County Sheriff's Department, who was disciplined twice for arriving late to work, testified that three of his Caucasian peers (who, unlike here, were actually identified by name) also arrived late to work, but were not disciplined. In concluding that this "broad-brushed, conclusory" testimony did not create a triable issue of material fact, the Seventh Circuit emphasized that Scaife had failed to supply the necessary detail to allow the Court to determine whether the Caucasian investigators were similarly situated or not. *Id.* at 740-41. Scaife did not, among other things, give any dates when the three investigators were late or state whether they had the same supervisor as he did. *Id.* at 740. Likewise, in *Radue*, 219 F.3d at 618, the Seventh Circuit found the employee's failure to identify his purported comparator's

supervisors fatal to showing that the comparators were, in fact, similarly situated to him.

As in *Scaife* and *Radue*, there is a similar absence of evidence here. Plaintiff, for example, has not stated the race, gender, age, position, supervisor or disciplinary history of the unidentified employee who was punished for not conducting resident checks every 15 minutes. *See* Harris Dep. at 33-34. The same deficiencies (and more) hold true of the unidentified employees who were not written up when their co-workers took responsibility for a task not being completed. Plaintiff has not even alluded to what those tasks might be, so this Court cannot determine whether these unnamed employees engaged in similar conduct. *See* Harris Dep. at 81-82. Without far more detail in the record, Plaintiff cannot satisfy the fourth element of his *prima facie* test.

### B. Pretext

Even had Plaintiff satisfied his *prima facie* test (and he has not), this Court still would grant summary judgment because Plaintiff has failed to rebut Defendants' legitimate proffered reason for disciplining him. Defendants found that Plaintiff failed to maintain the 15-minute logs of resident checks, and that he lacked to power to delegate that responsibility to a coworker. DSOF ¶¶ 13, 25-29; Berger Decl. [48-1] ¶¶ 4, 7.

In response, Plaintiff relies exclusively on Defendants' litigation conduct in an effort to show pretext. Plaintiff argues that Defendants failed to admit or deny simple allegations in their Answer despite knowing the answers. For example, in

9

response to Paragraph 22 of the Complaint, the Office of the Chief Judge and the OTA each answered:

> 22. Plaintiff's responsibilities included monitoring individual residents, conducting resident checks at 15 minute intervals and maintaining a log of these checks each day. The JTDC was also responsible to ensure that the property was supplied and cleaned sufficiently.
>
> **OFFICE OF THE CHIEF JUDGE ANSWER:** Defendant lacks sufficient knowledge and information to admit or deny this paragraph.
>
> **OTA ANSWER:** Defendants can neither admit nor deny the allegations in this paragraph.

PSOAF ¶ 50 (citing 10/28/14 Office of the Chief Judge Answer [9] ¶ 22, and 10/28/14 OTA Answer [11] ¶ 22). Another example is Defendants' failure to admit or deny that Gina Shelton was Plaintiff's "supervisor." PSOAF ¶ 49 (citing 10/28/14 Office of the Chief Judge Answer [9] ¶ 17, and 10/28/14 OTA Answer [11] ¶ 17).

Even if Defendants should have admitted certain allegations in their Answers (and this Court need not decide the issue), their purported failure to comply with Federal Rule of Civil Procedure 8(b) does not suggest that Defendants' proffered reason for their pre-litigation decision to suspend Plaintiff was pretextual. Defendants filed their Answers more than two years after Plaintiff was suspended, so the Answers themselves cannot retroactively alter whether the Juvenile Temporary Detention Center had a legitimate or discriminatory reason for suspending Plaintiff for 25 days; and, in any event, the specific allegations Plaintiff cites do not bear on that reason. At best for Plaintiff, this Court could deem these

allegations admitted, *see American Photocopy Equipment Co. v. Rovico, Inc.*, 359 F.2d 745, 747 (7th Cir. 1966), but that, without more, would still not show pretext.

For all of these reasons, summary judgment also is warranted because Plaintiff has failed to rebut Defendants' legitimate proffered reason for disciplining him.

## IV. Conclusion

For these two separate reasons, Defendants' summary judgment motions [26] [31] are granted. The Clerk is directed to enter judgment under Rule 58 for Defendants and against Plaintiff. Civil case terminated.

Dated: March 21, 2016

Entered:

_____
John Robert Blakey
United States District Judge
